1
2
3
4
5
6
7

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 10 | JOHN DOE, | ) Case No. 2:18-cv-05889 AB (PVCx) |
| 11 | Plaintiff, | ) [DISCOVERY MATTER] |
| 12 | vs. | ) **ORDER GRANTING** |
| 13 | PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al. | ) **STIPULATED PROTECTIVE** |
| 14 | | ) **ORDER** |
| 15 | Defendants. | ) |

16

17 **GENERAL**

18     1.1   Purposes and Limitations. Discovery in this action is likely to involve

19 production of confidential, proprietary, or private information for which special protection

20 from public disclosure and from use for any purpose other than prosecuting this litigation

21 may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to

22 enter the following Stipulated Protective Order. The parties acknowledge that this Order

23 does not confer blanket protections on all disclosures or responses to discovery and that

24 the protection it affords from public disclosure and use extends only to the limited

25 information or items that are entitled to confidential treatment under the applicable legal

26 principles. The parties further acknowledge, as set forth in Section 12.3, below, Civil

27 Local Rule 79-5 sets forth the procedures that must be followed and the standards that

28

1  will be applied when a party seeks permission from the court to file material under
2  seal.

3        1.2    <u>Good Cause Statement.</u>

4        This action is likely to involve trade secrets, customer and pricing information
5  and other valuable research, development, commercial, financial, technical and/or
6  proprietary information for which special protection from public disclosure and from
7  use for any purpose other than prosecution of this action is warranted. Such confidential
8  and proprietary materials and information consist of, among other things, confidential
9  business or financial information, information regarding confidential business practices,
10 or other confidential research, development, or commercial information (including
11 information implicating privacy rights of third parties), information otherwise generally
12 unavailable to the public, or which may be privileged or otherwise protected from
13 disclosure under state or federal statutes, court rules, case decisions, or common law.
14 Accordingly, to expedite the flow of information, to facilitate the prompt resolution of
15 disputes over confidentiality of discovery materials, to adequately protect information
16 the parties are entitled to keep confidential, to ensure that the parties are permitted
17 reasonable necessary uses of such material in preparation for and in the conduct of trial,
18 to address their handling at the end of the litigation, and serve the ends of justice, a
19 protective order for such information is justified in this matter. It is the intent of the
20 parties that information will not be designated as confidential for tactical reasons and
21 that nothing be so designated without a good faith belief that it has been maintained in
22 a confidential, non-public manner, and there is good cause why it should not be part of
23 the public record of this case.

24 **2.**    **<u>DEFINITIONS</u>**

25       2.1    <u>Action:</u> *John Doe v. The Prudential Insurance Company of America, et*
26 *al.*, Case No. 2:18-cv-05889 AB (PVCx)

27       2.2    <u>Challenging Party:</u> a Party or Non-Party that challenges the
28 designation of information or items under this Order.

2.3     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium  or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal  entity not named as a Party to this action.

2.10     Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.11     Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.     **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4.     **DURATION**

Once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).

Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a

portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1      <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2      <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, et seq. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

6.3      <u>Burden.</u> The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1      <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2      <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1    (a)    the Receiving Party's Outside Counsel of Record in this Action, as well
2 as employees of said Outside Counsel of Record to whom it is reasonably necessary
3 to disclose the information for this Action;

4    (b)    the officers, directors, and employees (including House Counsel) of the
5 Receiving Party to whom disclosure is reasonably necessary for this Action;

6    (c)    Experts (as defined in this Order) of the Receiving Party to whom
7 disclosure is reasonably necessary for this Action and who have signed the
8 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9    (d)    the Court and its personnel;

10    (e)    court reporters and their staff;

11    (f)    professional jury or trial consultants, mock jurors, and Professional
12 Vendors to whom disclosure is reasonably necessary for this Action and who have
13 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14    (g)    the author or recipient of a document containing the information or a
15 custodian or other person who otherwise possessed or knew the information;

16    (h)    during their depositions, witnesses, and attorneys for witnesses, in the
17 Action to whom disclosure is reasonably necessary provided: (1) the deposing party
18 requests that the witness sign the form attached as Exhibit A hereto; and (2) they will
19 not be permitted to keep any confidential information unless they sign the
20 "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed
21 by the Designating Party or ordered by the Court. Pages of transcribed deposition
22 testimony or exhibits to depositions that reveal Protected Material may be separately
23 bound by the court reporter and may not be disclosed to anyone except as permitted
24 under this Stipulated Protective Order; and

25    (i)    any mediator or settlement officer, and their supporting personnel,
26 mutually agreed upon by any of the parties engaged in settlement discussions.

27 ///

28 ///

8

**8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>**

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

1     (b)    In the event that a Party is required, by a valid discovery request, to

2 produce a Non-Party's confidential information in its possession, and the Party is

3 subject to an agreement with the Non-Party not to produce the Non-Party's

4 confidential information, then the Party shall:

5     (1)    promptly notify in writing the Requesting Party and the Non-Party

6 that some or all of the information requested is subject to a confidentiality agreement

7 with a Non-Party;

8     (2)    promptly provide the Non-Party with a copy of the Stipulated

9 Protective Order in this Action, the relevant discovery request(s), and a reasonably

10 specific description of the information requested; and

11     (3)    make the information requested available for inspection by the

12 Non-Party, if requested.

13     (c)    If the Non-Party fails to seek a protective order from this Court within 14

14 days of receiving the notice and accompanying information, the Receiving Party may

15 produce the Non-Party's confidential information responsive to the discovery request.

16 If the Non-Party timely seeks a protective order, the Receiving Party shall not produce

17 any information in its possession or control that is subject to the confidentiality

18 agreement with the Non-Party before a determination by the Court. Absent a court

19 order to the contrary, the Non-Party shall bear the burden and expense of seeking

20 protection in this Court of its Protected Material.

21 **10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

22     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

23 Protected Material to any person or in any circumstance not authorized under this

24 Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

25 the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

26 all unauthorized copies of the Protected Material, (c) inform the person or persons to

27 whom unauthorized disclosures were made of all the terms of this Order, and (d)

28

1  request such person or persons to execute the "Acknowledgment and Agreement to Be
2  Bound" that is attached hereto as Exhibit A.

3  **11.**   **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
4          **PROTECTED MATERIAL**

5          When a Producing Party gives notice to Receiving Parties that certain
6  inadvertently produced material is subject to a claim of privilege or other protection,
7  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil
8  Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure
9  may be established in an e-discovery order that provides for production without prior
10 privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the
11 parties reach an agreement on the effect of disclosure of a communication or
12 information covered by the attorney-client privilege or work product protection, the
13 parties may incorporate their agreement in the stipulated protective order submitted to
14 the Court.

15 **12.**   **MISCELLANEOUS**

16     **12.1**   Right to Further Relief. Nothing in this Order abridges the right of any
17 person to seek its modification by the Court in the future.

18     **12.2**   Right to Assert Other Objections. By stipulating to the entry of this
19 Protective Order, no Party waives any right it otherwise would have to object to
20 disclosing or producing any information or item on any ground not addressed in this
21 Stipulated Protective Order. Similarly, no Party waives any right to object on any
22 ground to use in evidence of any of the material covered by this Protective Order.

23     **12.3**   Filing Protected Material. A Party that seeks to file under seal any
24 Protected Material must comply with Civil Local Rule 79-5. Protected Material may
25 only be filed under seal pursuant to a court order authorizing the sealing of the specific
26 Protected Material at issue; good cause must be shown in the request to file under seal.
27 If a Party's request to file Protected Material under seal is denied by the Court, then

28

1  the Receiving Party may file the information in the public record unless otherwise

2  instructed by the Court.

3  **13.   FINAL DISPOSITION**

4       After the final disposition of this Action, within 60 days of a written request by

5  the Designating Party, each Receiving Party must return all Protected Material to the

6  Producing Party or destroy such material. As used in this subdivision, "all Protected

7  Material" includes all copies, abstracts, compilations, summaries, and any other format

8  reproducing or capturing any of the Protected Material. Whether the Protected Material

9  is returned or destroyed, the Receiving Party must submit a written certification to the

10  Producing Party (and, if not the same person or entity, to the Designating Party) by the

11  60 day deadline that (1) identifies (by category, where appropriate) all the Protected

12  Material that was returned or destroyed, and (2) affirms that the Receiving Party has

13  not retained any copies, abstracts, compilations, summaries or any other format

14  reproducing or capturing any of the Protected Material. Notwithstanding this

15  provision, counsel are entitled to retain an archival copy of all pleadings, motion

16  papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

17  deposition and trial exhibits, expert reports, attorney work product, and consultant and

18  expert work product, even if such materials contain Protected Material. Any such

19  archival copies that contain or constitute Protected Material remain subject to this

20  Protective Order as set forth in Section 4 (DURATION).

21  **14.   VIOLATION OF ORDER**

22       Any violation of this Order may be punished by any and all appropriate

23  measures including, without limitation, contempt proceedings and/or monetary

24  sanctions.

25

26  **IT IS SO STIPULATED.**

27

28

Dated:  July 2, 2020

James P. Keenley
Brian H. Kim
Emily A. Bolt
BOLT KEENLEY KIM LLP

By:  /s/ James P. Keenley

James P. Keenley
Attorneys for Plaintiff
JOHN DOE

Dated:  July 2, 2020

Amanda A. Sonneborn
James C. Goodfellow, Jr.
SEYFARTH SHAW LLP

By:  /s/ James C. Goodfellow, Jr.

James C. Goodfellow, Jr.
Attorneys for Defendants
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA and
WME IMG, LLC

Dated:  July 2, 2020

Jason A. James
MESERVE, MUMPER & HUGHES LLP

By:  /s/ Jason A. James

Jason A. James
Attorneys for Defendant
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

**Filer's Attestation-Local Rule 5-4.3.4(a)(2)(i)**

The filing attorney attests that he has obtained concurrence regarding the filing of this document and its content from the signatories to this document.

**ORDER**

Having considered the papers, and finding that good cause exists, the Parties' Stipulated Protective Order is **GRANTED**.

**IT IS SO ORDERED.**

Dated: July 7, 2020

HON. PEDRO V. CASTILLO
United States Magistrate Judge

13

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____

_____ [address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *John Doe v. The Prudential Insurance Company of America, et al.*, Case No. 2:18-cv-05899 AB (PVCx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [full name] of _____ [address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Signature: _____

Printed Name: _____

Date: _____

City and State Where Sworn and Signed: _____